UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HELIO MARTINEZ and
DEBORAH MARTINEZ,
husband and wife,

    Plaintiffs,

vs.                             Case No. 3:05-cv-346-J-99HTS

WAL-MART STORES, INC.,

    Defendant.
_____

**O R D E R**

This cause is before the Court on Defendant Wal-Mart's Motion to Compel Answer to Interrogatory (Doc. #5; Motion), filed on April 21, 2005. Defendant's Memorandum of Law in Support of Motion to Compel Answer to Interrogatory (Doc. #6; Memorandum) was filed on April 29, 2005. Plaintiffs oppose the Motion. Plaintiffs' Response to Defendant's Motion to Compel Answer to Interrogatory (Doc. #11; Opposition), filed on May 5, 2005.

Defendant seeks "an [o]rder compelling Plaintiff Helio Martinez to provide a complete answer to Defendant's Interrogatory Seventeen, served September 9, 2004." Motion at 1. The subject interrogatory asks, in part:

> Do you contend that you have lost any income, benefits, or earning capacity in the past or future as a result of the incident described in the Complaint? If so, state the nature of the income, benefits, or earning capacity and the amount and method you used in computing that amount.

Defendant's First Interrogatories to Plaintiff, attached to the Motion as Exhibit A.  It is contended Mr. Martinez's "response to [the question] was vague and deficient, and provided none of the specific and detailed information relating to Plaintiff's claimed damages that the Interrogatory requested."  Memorandum at 2.

Specifically, the relevant portion of the answer states "[y]es, loss of new business, no new clients, time off.  My wife had to run both businesses by herself.  Humana has lien. (Helio did not know, Deborah answered).  Amount of loss undetermined at this time."  Plaintiff's Answers to Interrogatories, attached to the Motion as Exhibit C.  Plaintiffs assert they have answered the question to the best of their current ability.  *See* Opposition at 1-2.  That is, they "contend . . . they have answered Interrogatory No. 17, indicating that they have lost income, the nature of the income they have lost, and the reason they have lost this income." *Id*. at 2.  However, "Plaintiffs cannot assign a value to this loss at this time.  They are attempting to do so by obtaining this information from their accountant."  *Id.*  They may also hire an expert to help them determine the value of their losses.  *Id*. at 3.  Plaintiffs do not argue the information is irrelevant or the question improper.

Upon review, it appears the deficiency Defendant finds in the answer at issue is it fails to include "the amount of claimed lost income and benefits, or the method used in computing that amount."

- 2 -

untitled letter, attached to the Motion as Exhibit D.  This is the particular information Plaintiffs claim they do not have at this time.  *See* Opposition at 2-3.  The Court will not compel production of information that is unavailable.

In light of the foregoing, the Motion (Doc. #5) is **DENIED.** However, Plaintiffs are to remain cognizant of their continuing duty to supplement their discovery responses pursuant to Rule 26(e)(2), Federal Rules of Civil Procedure.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of May, 2005.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE


Copies to:

Counsel of Record
    and *pro se* parties, if any