UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HELIO MARTINEZ and
DEBORAH MARTINEZ,

    Plaintiffs,

v.                                              Case No.: 3:05-cv-346-J-25HTS

WAL-MART STORES, INC.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiffs Helio Martinez's and Deborah Martinez's Motion for Remand (Dkt. 8) and Defendant Wal-Mart Stores, Inc.'s Memorandum in Opposition to Plaintiffs' Motion for Remand. Upon consideration, the Court finds as follows:

Plaintiffs filed their Complaint against Defendant in the Circuit Court of the Seventh Judicial Circuit, in and for Flagler County, Florida. According to the Complaint, Plaintiffs seek damages in excess of $15,000 based on Defendant's negligence which led to Helio Martinez's injuries when he slipped and fell in a Wal-Mart store in August of 2000. Plaintiffs seek damages for, *inter alia*, "permanent or continuing" physical and mental injuries to Mr. Martinez as well as his business losses. Ms. Martinez claims loss of consortium damages.

On April 21, 2005, Wal-Mart timely removed the case pursuant to 28 U.S.C. § 1446 and 1441. Wal-Mart asserted that this Court has diversity jurisdiction. The Parties agree that they are diverse in citizenship but Plaintiffs assert that the amount in controversy does not meet the jurisdictional prerequisite. To have diversity jurisdiction, of course, the amount in controversy must exceed $75,000. 28 U.S.C. §1332.

Wal-Mart's removal was based upon Ms. Martinez's deposition testimony; when deposed she was asked if she knew how much her husband's business losses were. Ms. Martinez responded, "I would say over $100,000." (Depo. at p. 54). When directly asked whether she and her husband were seeking damages over $75,000 in the instant suit, she stated, "I believe so, yes." (Id.)

In Plaintiffs' Motion to Remand this case, they maintain that the Complaint merely demands damages in excess of $15,000, not the $75,000 threshold. Plaintiffs further note that their September 2004 Admissions stated that the business loss damages were unknown and undeterminable at the time and assert that they still have not been determined. Plaintiffs also proffer Ms. Martinez's affidavit, filed after the removal, which states that she does not know the exact amount of claimed business losses.

Defendant responds that Mr. Martinez testified in his March 2005 deposition that his wife did have knowledge regarding the relevant company's finances and thus her deposition testimony regarding the business losses and the amount that Plaintiffs claim in overall damages is sufficient evidence to prove the jurisdictional threshold has been met. Defendants also note that given the plethora of claims against it in this case, the claimed non-business damages easily meet the jurisdictional threshold.

Where a plaintiff has made an unspecified demand for damages in state court, as Plaintiff has done here, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000 jurisdictional requirement. *Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005) (internal citations omitted). The evidence Wal-Mart relies on to carry its burden is sufficient.

2

As noted, Ms. Martinez testified that she "believed" she and her husband were claiming more than $75,000 in damages. Additionally, Ms. Martinez, when asked to estimate the claimed business losses, stated, "I would say over a $100,000." Additionally, the Court notes that Plaintiffs' Complaint alleges multiple mental and physical injuries to Mr. Martinez as well as Ms. Martinez's loss of consortium claim. Wal-Mart has produced evidence regarding jury awards much higher than the jurisdictional threshold in other cases involving similar injuries.

The Court finds that even if Mr. Martinez's business damage claim does not exceed the threshold, these damages added to the other injuries claimed meet the jurisdictional minimum. In sum, the Court concludes that Defendant Wal-Mart has produced sufficient evidence necessary to carry its burden to withstand Plaintiffs' Motion for Remand.

Accordingly, it is **ORDERED**:

Plaintiffs' Motion to Remand (Dkt. 8) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 9 day of December 2005.

HENRY LEE ADAMS, JR.
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record

3